IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MATTHEW FOLLIS | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv499 |
| 253RD JUDICIAL DISTRICT COURT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Matthew Follis, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against the 253rd Judicial Court of Liberty County, Texas. Plaintiff's claim will be liberally construed as being asserted against the judge of the 253rd Judicial District Court. This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636.

Factual Allegations

Plaintiff alleges that in February, 2022, he failed to appear for a hearing in the 253rd Judicial District Court, which resulted in him being charged with the offense of failing to appear. He states he was unable to appear because he was incarcerated in San Jacinto County, Texas. Plaintiff asserts the defendant failed to issue a bench warrant which would have allowed him to appear in Liberty County. Plaintiff seeks money damages and release from incarceration.

Standard of Review

Pursuant to 28 U.S.C. § 1915A, a district court must dismiss a complaint if it determines the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." "A district court may dismiss as frivolous the complaint of a prisoner proceeding [*in forma pauperis*] if it lacks an arguable basis in law or fact." *Geigers v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint

lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A complaint may be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Analysis

*Claim for Money Damages*

Judicial officers are entitled to absolute immunity from claims arising out of acts performed in the exercise of their judicial functions. *Graves v. Hampton*, 1 F.3d 315 (5th Cir. 1993).  The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant. *Young v. Biggers*, 938 F.2d 565 (5th Cir. 1991).  Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9 (1991); *see Forrester v. White*, 484 U.S. 219 (1988) (holding that a state judge's dismissal of a subordinate court employee is not a judicial act entitled to absolute immunity).  The acts of a judge are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity. *Mireles*, 502 U.S. at 9.

Plaintiff alleges the defendant improperly failed to issue a bench warrant so he could appear in court.  The issuance of a bench warrant would have been an action taken by the defendant in his judicial capacity while presiding over a case.  Plaintiff does not allege the defendant lacked jurisdiction over the case.  As a result, the defendant is immune to any claim for money damages from plaintiff.

*Release from Incarceration*

Plaintiff also seeks release from incarceration. However, this type of relief is only available through the filing of a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973). As a result, plaintiff's request to be released is not cognizable in this proceeding.

## Recommendation

Plaintiff's civil rights action should be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant immune from such relief.

## Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).

SIGNED this 11th day of August, 2024.

_____
Zack Hawthorn
United States Magistrate Judge